KELLER ROHRBACK L.L.P.
KEIL M. MUELLER, OSB No. 085535
kmueller@kellerrohrback.com
601 SW Second Avenue, Suite 1900
Portland, OR  97204
Telephone:  971/253-4600

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
dmyers@rgrdlaw.com
MICHAEL ALBERT
malbert@rgrdlaw.com
KENNETH P. DOLITSKY
kdolitsky@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| CHADWICK P. TRUEDSON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:26-cv-00328-JR |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | THE PENSION FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS |
| NUSCALE POWER CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

THE PENSION FUNDS' OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS
4937-0224-6568

## I.    INTRODUCTION

On April 20, 2026, seven competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) IAM National Pension Fund ("IAMNPF") and Local 353, I.B.E.W. Pension Fund ("Local 353 Fund") (collectively, the "Pension Funds"); (2) Lezza Stark and Timothy Karns; (3) Eric Alexander; (4) J. Shannon Bouchillon, Seetharamireddy Mittala, and Steven Traczyk; (5) Mark Berthold; (6) Stuart L. Becker; and (7) Michelle Cheuk. *See* Dkt. No. 8, 10, 12, 13, 16, 17, 19. Based on information contained in the lead plaintiff motions, the Pension Funds are the "most adequate plaintiff" within the meaning of the PSLRA as they possess the "largest financial interest in the relief sought by the class" and "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with nearly $2 million in losses incurred on their investments in NuScale Power Corporation common stock during the Class Period, the Pension Funds' financial interest "in the relief sought by the class" is undeniably more than any of the six competing lead plaintiff movants (more than the ***combined losses*** of all competing movants).



Further, IAMNPF and Local 353 Pension Fund each individually have a larger loss than any other movant. Thus, in accordance with the PSLRA, the Pension Funds are therefore entitled to a strong presumption that they are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy. *See* Dkt. No. 19 at 5-6; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that the Pension Funds are inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that the Pension Funds are somehow unfit to represent the class.

To the contrary, the Pension Funds – institutional investors with experience serving as fiduciaries – are a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members. In addition, the Pension Funds have chosen counsel with decades of experience litigating securities class actions. Accordingly, the Pension Funds are the "most adequate plaintiff" pursuant to the PSLRA.

Because the Pension Funds have the largest financial interest and satisfy the Rule 23 requirements, the Pension Funds respectfully request that the Court grant their lead plaintiff motion.

## II.    ARGUMENT

According to the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).[1]

"The Ninth Circuit has set forth a three-part test for determining whether a movant meets the PSLRA's criteria for lead plaintiff." *In re Nike, Inc. Sec. Litig.*, 2024 WL 4579499, at *1 (D. Or.

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

Oct. 25, 2024) (citing *Cavanaugh*, 306 F.3d at 729-30).  The first step – publication of the pendency of this Action – has been completed.  *See* Dkt. No. 20 (Ex. A).  In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical."  *Cavanaugh*, 306 F.3d at 732.

### A.    Only the Pension Funds Qualify for the "Most Adequate Plaintiff" Presumption

#### 1.    The Pension Funds Have the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff.  During this second stage of the three-step lead plaintiff inquiry, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Cavanaugh,* 306 F.3d at 730.  While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied."  *Id.* at 730 n.4.   Courts in this District "primarily use[] the monetary losses mode of calculation."  *Nike*, 2024 WL4579499, at *4.  Examining each movant's trading, it is apparent that the Pension Funds possess the largest loss, regardless of the accounting methodology used to calculate losses.  However, if the Court was to consider other factors such as: "'1) number of shares purchased during the class period; 2) net shares purchased during the class period; 3) net funds expended during the class period; and 4) approximate losses from the alleged fraud'" (*Stradford v. Chipotle Mexican Grill, Inc.*, 2025 WL 3466736, at *3 (C.D. Cal. Feb. 21, 2025)), the Pension Funds are *still* the movant with the largest financial interest in the relief sought by the class:

| Movant | Approximate Losses | Net Shares Purchased During CP | Total Shares Purchased During CP | Net Funds Expended During CP |
|---|---|---|---|---|
| Pension Funds | **$1,979,889** | **75,934** | **75,934** | **$3,501,610** |
| Stark and Karns | $496,378 | 23,663 | 208,934 | $959,655 |
| Alexander | $356,853 | 15,884 | 15,884 | $665,840 |
| Bouchillon, Mittala, Traczyk (non-opposition) | $342,943 | 18,500 | 54,650 | $782,186 |
| Berthold (non-opposition) | $206,228 | 6,550 | 8,100 | $333,377 |
| Becker (withdrawn) | $191,374 | 8,788 | 118,305 | $370,948 |
| Cheuk (non-opposition) | $89,514 | 6,812 | 68,004 | $176,685 |

In sum, the Pension Funds possess the largest financial interest.  Pursuant to the PSLRA's process, "further inquiry must focus on [the Pension Funds] alone and be limited to determining whether [they] satisf[y] the other statutory requirements."  *Cavanaugh*, 306 F.3d at 732.

**B.    The Pension Funds Also Satisfy the Rule 23 Requirements**

Because the Pension Funds also possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730.  As evidenced by the information provided by the Pension Funds in their lead plaintiff application, there is no question that they are both typical of the putative class and adequate. *See* Dkt. No. 19 at 5-6.  The Pension Funds satisfy the typicality requirement as their claims are essentially identical to those of all other class members and rely on the same factual and legal arguments. *Id.*  Indeed, like all other class members, they: (1) purchased NuScale common stock during the relevant time period; (2) were adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby. *Id.*; *see Nike*, 2024 WL 4579499, at *4.  The Pension Funds are

also adequate because, among other things, their interests are aligned with those of other class members because all class members purchased NuScale common stock and were negatively impacted by defendants' alleged wrongdoing. Moreover, the Pension Funds are sophisticated institutional investors with experience serving as fiduciaries on behalf of their participants and beneficiaries. Dkt. No. 19 at 6; Dkt. No. 20 (Ex. D). As such, the Pension Funds are not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing.

In addition, the Pension Funds selected a lead counsel that is highly qualified to prosecute this securities fraud class action. *See* Dkt. No. 19 at 6-8.

Because the Pension Funds have the largest financial interest and satisfy Rule 23's requirements, they are presumptively the "most adequate plaintiff."

### C.     The Competing Motions Should Be Denied Because the Competing Movants Lack the Largest Financial Interest and Cannot Rebut the Presumption in the Pension Funds' Favor

To rebut the presumption in favor of the Pension Funds' appointment as lead plaintiff, the PSLRA requires class members to submit "proof" that the Pension Funds "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. Because each of the competing movants have smaller losses than the Pension Funds and cannot rebut the presumption that the Pension Funds are the most adequate plaintiff, their motions must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider competing movants' motions "if and ***only if*** [the Pension Funds] [are] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. Because the Pension Funds are "both willing to serve and satisf[y] the requirements of Rule 23," the competing motions should be denied. *Id.* at 730.

## III.    CONCLUSION

The Pension Funds suffered the greatest loss and have demonstrated their ability to satisfy

Rule 23's typicality and adequacy requirements.  The Pension Funds' motion should be granted.

DATED:  May 4, 2026                                              Respectfully submitted,

*s/ Keil M. Mueller*
KEIL M. MUELLER, OSB No. 085535
kmueller@kellerrohrback.com
KELLER ROHRBACK L.L.P.
601 SW Second Avenue, Suite 1900
Portland, OR  97204
Telephone:  971/253-4600

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
dmyers@rgrdlaw.com
MICHAEL ALBERT
malbert@rgrdlaw.com
KENNETH P. DOLITSKY
kdolitsky@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058

Proposed Lead Counsel for Proposed Lead
Plaintiff